IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CATHERINE HITCH** ) <br> 11214 Terrace Lane, ) <br> Fulton, MD 20759 ) <br>  ) <br>     Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **KEVIN McALEENAN,** ) <br> Acting Secretary, ) <br> U.S. Department of Homeland Security, ) <br> in his official capacity ) <br> as well as his successors and assigns, ) <br> 3801 Nebraska Avenue, NW ) <br> Washington, DC 20528-0525 ) <br>  ) <br>     Defendant. ) <br>  ) | Case No.: 19-cv-02370 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW**, Plaintiff Catherine Hitch, by and through her undersigned counsel, and complains of the Defendant, the Honorable Kevin McAleenan, Acting Secretary, U.S. Department of Homeland Security, as follows:

### NATURE OF THE CASE

1. The Defendant failed to reasonable accommodate the Plaintiff's disabling medical conditions, including Parkinson's disease, by refusing to conduct a search that would have revealed vacant positions the Plaintiff was qualified for and instead terminated her employment.

2. This is an action to recover damages for discrimination under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* ("Rehabilitation Act").

1

**JURISDICTION AND VENUE**

3. This Court has federal question jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is a civil action arising under the laws of the United States.

4. The unlawful practices alleged in this complaint occurred in the District of Columbia.

5. Defendant is the employer of Plaintiff as defined by the Rehabilitation Act.

**PARTIES**

6. Plaintiff is a resident of Fulton, Maryland who was employed by the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services as the Division Chief in the Mail Management Division located in Washington, D.C.

7. During the relevant period, Plaintiff was Defendant's employee within the definition of the Rehabilitation Act, and entitled to the protections of the same.

8. Defendant, Kevin McAleenan is the Acting Secretary, U.S. Department of Homeland Security, and is named in his official capacity.

**FACTUAL ALLEGATIONS**

9. In 2005, Plaintiff began working for the Defendant at the DHS Headquarters. Subsequently, from 2011 through August 8, 2018, the Plaintiff held the position of Division Chief, Mail Management Division with the Department of Homeland Security's U.S. Citizenship and Immigration Services ("Agency").

10. During all times relevant to this Complaint, Plaintiff was supervised by Joanne Jurmu, Deputy Chief Administration Officer of the Office of Administration, and Michael Gibbs,

Chief of the Office of Administration.

11. Plaintiff suffers from several medical conditions which constitute disabilities under the Rehabilitation Act.

12. Plaintiff was diagnosed with chronic migraines over two decades ago. Plaintiff experiences 12 or more migraines a month, which interfere with her ability to think, concentrate, focus, and vision.

13. Plaintiff was diagnosed with Post Traumatic Stress Disorder ("PTSD") in December 2008, which is an anxiety and stress related condition that affects the following major life activities: concentration, socialization, and decision-making abilities.

14. Plaintiff was diagnosed in 2013 with radiculopathy, which is a condition that affects the following major life activities: walking, standing, sitting, and motor coordination.

15. Plaintiff was diagnosed with Parkinson's Disease in March 2017, which substantial impacts the following major life activities: walking, standing, motor coordination, writing, typing, speaking, and cognitive processes.

16. Jurmu became aware of Plaintiff's conditions upon Plaintiff providing medical documentation to her on or about April 23, 2015; May 11, 2016, May 20, 2016, and April 6, 2017.

17. Gibbs became aware of Plaintiff's medical conditions due to reviewing Plaintiff's sick leave requests when Jurmu was unavailable, knowledge of her request for advance sick leave, and references by Plaintiff, including in an August 10, 2017 email, to her medical conditions.

18. On December 28, 2017, Plaintiff submitted Family Medical and Leave Act ("FMLA") paperwork with supporting medical documentation.

19. On January 5, 2018, Gibbs issued Plaintiff a Letter of Reprimand.

20. On January 10, 2018, Plaintiff went on extended leave under FMLA.

21. On February 14, 2018, Plaintiff submitted another request for FMLA. In the supporting documentation, Plaintiff's doctor requested that the Agency reassign Plaintiff to another office as a reasonable accommodation. Plaintiff's doctor also noted that while her health had been declining since 2015, Plaintiff's acute symptoms were exacerbated by her working environment.

22. On March 16, 2018, the Agency advised Plaintiff that it would conduct a reassignment search—however, if it was ultimately determined that no other accommodations would be effective, and the reassignment search was unsuccessful, then she may be removed from her position.

23. On March 22, 2018, Plaintiff responded to the Agency's communication with further medical documentation.

24. On April 3, 2018, Plaintiff submitted another FMLA request, which included a request for reasonable accommodation for reassignment to another position and supervisory chain of command and Plaintiff submitted additional medical documentation to the Agency on April 10, 2018.

25. On April 11, 2018, Jurmu asked Plaintiff if she was continuing with her request for reasonable accommodation. Plaintiff responded affirmatively, stating that she was pursing reasonable accommodation, to include reassignment, so long as it was within her medical restrictions.

26. On April 27, 2018, the Agency denied Plaintiff's request for reasonable accommodation.

27. On June 21, 2018, Jurmu issued Complainant a proposed removal from her position due to medical inability to perform the essential functions of her duties.

28. On August 6, 2018, Gibbs affirmed Jurmu's proposal and removed Plaintiff from her position due to medical inability.

29. Upon information and believe, the Agency never conducted a reassignment search.

30. Upon information and belief, the Agency had open vacancies for which Plaintiff was qualified and that fit within Plaintiff's medical restrictions, but Plaintiff was not offered reassignment to those open positions.

31. The Agency could have, but failed to, reasonably accommodate the Plaintiff by reassigning her to a vacant position for which she was qualified to perform the duties with or without accommodation, and removed her from federal service without justification, in violation of the Rehabilitation Act.

32. Plaintiff exhausted her administrative remedies by pursuing her claims of discrimination through the Agency's Equal Employment Opportunity case processing and Plaintiff received a Final Agency Decision via certified mail on May 11, 2019.

## COUNT I

33. The allegations in the foregoing paragraphs, 1 – 32, are incorporated as if realleged herein.

34. Plaintiff is a disabled individual under the Rehabilitation Act and the Defendant was on notice of her disabilities and disabled status.

35. Defendant denied Plaintiff reasonable accommodation by refusing to reassign Plaintiff despite having knowledge that other vacancies existed for which Plaintiff was qualified

to perform the essential functions of the position.

36. As a result of Defendant's refusal to accommodate Plaintiff, she was terminated from her position and federal service for medical inability.

37. The effect of this discrimination complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer harm, including severe emotional distress, as well as pecuniary losses, litigation expenses including attorneys' fees, and other non-pecuniary losses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant on all counts and seeks back pay, front pay, lost benefits, consequential damages, compensatory damages, pre- and post-judgment interest, costs, the increased tax burden on any award, reasonable attorney's fees, reasonable accommodation, any other relief allowed under the above-referenced statutes, and any other relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

Date: August 6, 2019

Respectfully submitted,

By: /s/ Matthew Estes
Matthew Estes (DC Bar No. 989814)
**ALAN LESCHT & ASSOCIATES, PC**
1825 K Street, N.W., Suite 750
Washington, DC  20006
Tel:    (202) 463-6036
Fax:    (202) 463-6067
matthew.estes@leschtlaw.com
Counsel for Plaintiff

7